FILED'06 OCT 27 11:03 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RICHARD R. RANDELMAN, and SANDRA J. NOBLE, | ) ) ) | CV 06-3034-PA |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER** |
| LTG H STEVEN BLUM, Chief, National Guard Bureau; DONALD H. RUMSFELD, Secretary of Defense; UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PANNER, J.**

Pro se plaintiffs Richard R. Randleman and Sandra J. Noble bring this action against defendants Steven Blum, Chief, National Guard Bureau; Donald Rumsfeld, Secretary of Defense; and the United States of America. Plaintiffs allege that defendants denied plaintiffs' requests to serve in the Oregon National Guard solely because of plaintiffs' age.

Plaintiffs bring claims for violations of their rights to equal protection under the Fifth Amendment and the Administrative

1 - ORDER

Procedures Act, 5 U.S.C. § 706.  Defendants move to dismiss.
Plaintiffs move for judgment on the pleadings.  I grant
defendants' motion to dismiss and deny plaintiffs' motion for
judgment on the pleadings.

**BACKGROUND**

## I.  Factual Background

Randleman was born in 1964.  He is a veteran of the U.S.
Army and the Texas Army National Guard.  His military service was
honorable.  Randleman has a bachelor's degree, is in excellent
physical condition, and was highly recommended by several
National Guard officers for appointment.

In June 2004 and October 2005, Randleman sought to enter the
Oregon Army National Guard as an officer[1] either through direct
appointment or an approved commissioning program.  Although
Oregon National Guard Officer Accessions personnel characterized
Randleman as an exceptional candidate, he was denied on each
occasion solely because of his age.

Noble was born in 1963.  She has an associate degree in
information technology and three years' experience in the Civil
Air Patrol.

In May 2005, Noble sought to enter the Oregon Army National
Guard as an enlisted member.  In July 2005, Noble sought to enter

---

[1]  At a hearing on June 6, 2006, Randleman stated that his
"goal is to be admitted back into the National Guard as an
officer."  I construe that statement as a part of the complaint.

2 - ORDER

the Oregon Air National Guard as an enlisted member.  On each

attempt, recruiters told Noble that solely because of her age,

she was not eligible to enlist.

## II.  Legal Background

Congress has created two overlapping but distinct

organizations, "the National Guard of the various States and the

National Guard of the United States." Perpich v. Department of

Defense, 496 U.S. 334, 345 (1990).  Those who become officers or

enlisted members of a federally recognized state National Guard

units also become reservists in the United States Army or Air

Force.  To be federally recognized, a person must meet federal

regulatory standards for enlistees and officers.

The Army National Guard regulation governing federally

recognized officers sets the maximum age for each "grade" or

rank, from age 30 for second lieutenants to age 55 for colonels.

Army Nat'l Guard Reg. (AR) 600-100.  The applicant's age "must be

such that the officer can serve at least 20 years before Federal

recognition will be terminated" because of mandatory retirement.

Id.  Although waivers of the age limits are allowed, Randleman

did not seek a waiver.

The regulation governing enlistees in the Army National

Guard provides that applicants must be at least 18 years old and

younger than 42 years old.  See Defts.' Mem. in Supp. at 12

(quoting regulation).  The regulation governing enlistees in the

3 - ORDER

Air National Guard requires that applicants must be at least 17 years old and younger than 35 years old.  Id. at 13.

## STANDARDS

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party.  See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999).  The court should not dismiss the complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  Id.  The court should construe the pleadings of a pro se litigant more leniently than those drafted by a lawyer.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## DISCUSSION

### I.  Plaintiffs' Claims Are Not Justiciable

A court should not review internal military decisions unless the plaintiff alleges (1) a violation of a recognized constitutional right, a federal statute, or military regulations; and (2) exhaustion of available intra-service remedies.  See Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002) (citation omitted) (applying justiciability test from Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971)).  If a plaintiff alleges items (1) and (2), the court then weighs four factors to decide whether

4 - ORDER

judicial review is appropriate:

>(1) The nature and strength of the plaintiff's claim;

>(2) The potential injury to the plaintiff if review is refused;

>(3) The extent of interference with military functions; and

>(4) The extent to which military discretion or expertise is involved.

Id. (citation omitted).

In ruling on these motions, I assume that plaintiffs meet the threshold requirements of alleging constitutional or statutory violations, and exhausting administrative remedies. (I will not address defendants' argument that Randleman failed to exhaust available administrative remedies.) I turn to the four factors a court must weigh in determining whether a claim is justiciable.

The first factor is the nature and strength of plaintiffs' claims. The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), does not apply to the uniformed military, including reservists. See Helm v. State of California, 722 F.2d 507, 509 (9th Cir. 1983). Because the ADEA does not apply, "[a]ge discrimination is examined for a rational basis, which the military could easily establish." Id. at 510 (citation omitted).

Plaintiffs also challenge defendants' statutory authority to set age limits. This challenge lacks merit. Because plaintiffs'

5 - ORDER

claims are weak, the first factor favors defendants.

The second factor is the potential injury to plaintiffs if review is refused. Here, the potential injury is that plaintiffs will be denied service as a federally recognized member or officer of the Oregon National Guard. While I greatly respect plaintiffs' desire to serve in this country's military, I am compelled to conclude that their potential injuries are not severe. Cf. Canfield v. Sullivan, 774 F.2d 1466, 1469 (9th Cir. 1985) ("there is no fundamental right to government employment").

The third factor, the extent of interference with military functions, and the fourth factor, the extent to which military discretion or expertise is involved, are generally considered together. Wenger, 282 F.3d at 1075. Here, these factors strongly favor defendants. If this court were to grant plaintiffs the relief they seek, it would repudiate the military's decision that persons over a certain age should not be eligible for enlistment or appointment as federally recognized members or officers of the National Guard, and open the door for similar challenges. Courts should be very hesitant to second-guess military personnel policies. See Christoffersen v. Washington State Air National Guard, 855 F.2d 1437, 1444 (9th Cir. 1988); Kawitt v. United States, 842 F.2d 951, 954 (7th Cir. 1988) ("judges should be reluctant to assume the micromanagement of military age-grading policies").

6 - ORDER

Weighing the four factors together, I conclude that plaintiffs' claims are not justiciable.  The potential for interference with military prerogatives is great, and plaintiffs' injuries are not severe.  See Wenger, 282 F.3d at 1076.  This action must be dismissed.

## II.  Plaintiffs Have Not Stated a Claim on the Merits

Even if plaintiffs' claims were justiciable, their claims lack merit.

### A.  Defendants Have Statutory Authority

Plaintiffs challenge defendants' statutory authority to promulgate and enforce the maximum age regulations.  I conclude that defendants acted within their statutory authority.

Congress requires that the Secretaries of the Army and Air Force prescribe qualifications for the "grade, branch, position, and type of unit or organization" applicable to persons seeking federally recognized appointment or enlistment in the National Guard.  32 U.S.C. §§ 301 (enlisted members), 307(a) (officers).  The statutes require that the Secretaries prescribe "physical, mental, moral, professional, and age qualifications" for the appointment and enlistment of persons in the reserves of the armed forces.  10 U.S.C. §§ 12102(b) (enlisted members), 12201(b) (officers).  Considering the statutory scheme as a whole, I agree with defendants that the statutory authority to prescribe age qualifications for the Reserves "necessarily . . . entails

7 - ORDER

prescribing age qualifications for the federal recognition of National Guard officers and members." Defts.' Mem. in Supp. at 22. Even assuming that the statutes do not clearly grant the authority to impose age limits, I defer to the military's expertise in construing these statutes. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 865 (1984). The challenged regulations are valid.

**B. Plaintiffs' Equal Protection Rights Were Not Violated**

Plaintiffs contend that the maximum age limits violate their rights to equal protection under the Fifth Amendment. Because age is not a suspect class, Nunez v. City of San Diego, 114 F.3d 935, 944 (9th Cir. 1997), and because the age limits do not infringe fundamental rights, the challenged regulations are subject to rational basis review. See Kahawaiolaa v. Norton, 386 F.3d 1271, 1277 (9th Cir. 2004), cert. denied, 545 U.S. 1114 (2005). To survive rational basis review, there must be "'a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" Id. at 1279 (quoting Heller v. Doe, 509 U.S. 312, 320 (1993)). Defendants have "no obligation to produce evidence to sustain the rationality of a statutory classification; rather, [t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Id. at 1280 (internal quotation marks and citation omitted).

8 - ORDER

Here, defendants could reasonably conclude that physical abilities generally decline with age, and that officers in lower grades are more likely to have physically demanding duties. "Military efficiency demands that the services have a free hand in establishing age ceilings designed to ensure that the nation's soldiers, sailors, and airmen are young and fit enough to meet the challenges of military service." Kawitt, 842 F.2d at 953-54. I conclude that the maximum age regulations pass the rational basis test.

## III.   The Maximum Age Limits Do Not Violate the Militia Clauses

Plaintiffs contend that the challenged regulations violate the Militia Clause of the Constitution, which reserves to the States the authority over "the Appointment of the Officers" in the militia. U.S. Const., Art. I, § 8.  I agree with defendants, however, that because the maximum age regulations apply only to federally recognized National Guard officers, they do not restrict the authority of the states to appoint National Guard officers.  States remain free to appoint officers of their militias.  Congress "established the 'dual enlistment' system in 1933 to avoid limitations on federal service found in the Militia Clause of Article I of the Constitution by organizing a separate reserve of federal soldiers under Congress' broader power to raise and support armies." Doe v. Rumsfeld, 435 F.3d 980, 987 (9th Cir. 2006).

9 - ORDER

**IV.  Randleman's Standing to Challenge Air National Guard Rules**

Randleman contends that he should be allowed to challenge the rules governing the appointment of officers to the Air National Guard of the United States.  However, Randleman has not sought appointment to the Air National Guard, so he lacks standing to challenge the applicable rules.  See <u>On the Green Apartments L.L.C. v. City of Tacoma</u>, 241 F.3d 1235, 1239 (9th Cir. 2001) (requirements for standing).  Even if Randleman did have standing, his claim would not be justiciable.

**CONCLUSION**

Defendants' motion to dismiss (#23) is granted.  Plaintiffs' motion for judgment on the pleadings (#33) is denied.

DATED this 27 day of October, 2006.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

10- ORDER